UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THEODORE VISNER and
KATHY SMITH,

                *Plaintiffs*,                Case No. 15-cv-12899

*v*.

                                      Honorable Thomas L. Ludington

BANK OF AMERICA,                Magistrate Judge Patricia T. Morris

                *Defendant*.

_____/

## REPORT AND RECOMMENDATION TO DISMISS
## PURSUANT TO RULE 41(b) OF THE
## FEDERAL RULES OF CIVIL PROCEDURE

## I.    RECOMMENDATION

        **IT IS RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.    REPORT

### A.    Introduction

        Plaintiffs Theodore Visner and Kathy Smith filed the instant complaint on August 13, 2015, as a miscellaneous matter. (Doc. 1). The docket reveals that Plaintiffs have paid only the $46.00 which would have been appropriate for a miscellaneous case filing fee. On August 14, 2015, District Judge Thomas L. Ludington ordered that the complaint be transferred to the civil docket, and simultaneously ordered that Plaintiffs must pay the entire civil case filing fee of $400 within ten days. (Doc. 2). On August 26, 2015, Judge Ludington referred this case to the undersigned for all pretrial purposes. (Doc. 4).

On September 1, 2015, this Court found that Plaintiffs had not yet paid that filing fee, and ordered Plaintiffs to show cause by September 22, 2015, why their case should not be recommended for dismissal for failure to submit the full filing fee. (Doc. 5). As of September 23, 2015, Plaintiffs have not paid the filing fee or otherwise demonstrated why their case should not be recommended for dismissal.

**B.    Discussion**

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  Fed R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

2

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In the instant case, Plaintiffs were warned of the effect of not responding to an Order to Show Cause. I therefore suggest that Defendants should not be further prejudiced by Plaintiffs' failure to pursue their claims. *White v. American Correctional Ass'n*, 25 F. App'x 410, 411 (6th Cir. 2002)(dismissing complaint for want of prosecution where plaintiff failed to comply with order that warned that failure to either apply for *in forma pauperis* status or pay the filing fee would result in dismissal).

### C.     Conclusion

Therefore, the Court **RECOMMENDS** that Plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to correct the filing fee deficiency or otherwise show cause why their complaint should not be dismissed.

## III.     <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not

preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 23, 2015                    S/PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record and Plaintiff who is an electronic filer in this case.

Date: September 23, 2015

                                            By s/Kristen Krawczyk
                                            Case Manager to Magistrate Judge Morris